**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 23-6940**

―――――――――

WILLIAM TRAMPAS WIDMYER,

Petitioner - Appellant,

v.

WARDEN DAVID BALLARD,

Respondent - Appellee.

―――――――――

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. Thomas S. Kleeh, Chief District Judge. (1:10-cv-00084-TSK)

―――――――――

Submitted: October 29, 2024                    Decided: January 13, 2025

―――――――――

Before DIAZ, Chief Judge, and KING and WYNN, Circuit Judges.

―――――――――

Affirmed in part and dismissed in part by unpublished per curiam opinion.

―――――――――

William Trampas Widmyer, Appellant Pro Se. Andrea Nease Proper, Michael Ray Williams, OFFICE OF THE ATTORNEY GENERAL OF WEST VIRGINIA, Charleston, West Virginia, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Trampas Widmyer appeals the district court's order denying his Fed. R. Civ. P. 60(b) motion as a mixed true Rule 60(b) motion/successive 28 U.S.C. § 2254 petition. Widmyer further appeals the district court's orders denying his motions for appointment of counsel. For the following reasons, we affirm in part, deny a certificate of appealability, and dismiss in part.[1]

A certificate of appealability is not required for us to review the district court's determination that Widmyer's Rule 60(b) motion was in part an unauthorized successive habeas petition, and we review that determination de novo. *United States v. McRae*, 793 F.3d 392, 397, 400 (4th Cir. 2015). Our review of the record leads us to conclude that the district court correctly found that several of the arguments in Widmyer's motion were successive attacks on his convictions for which he had not obtained prefiling authorization and that the district court was without jurisdiction to consider those claims. We affirm the district court's dismissal of those claims.

The district court also correctly found Widmyer's argument that the court erroneously relied on nonbinding authority in denying Widmyer's § 2254 petition was a true Rule 60(b) claim. However, contrary to the district court's determination, "Widmyer [also] could properly challenge the district court's finding of procedural default in a Rule 60(b) motion." *Widmyer v. Ballard*, No. 21-7378, 2022 WL 4376080, at *1 (4th Cir. Sept. 22, 2022); *see, e.g.*, *Richardson v. Thomas*, 930 F.3d 587, 596 (4th Cir. 2019) (explaining

---

[1] We deny Widmyer's motion for oral argument and assignment of counsel.

that a movant under Rule 60(b) does not raise "a new habeas corpus claim, or attack[] the federal court's previous denial of the claim on the merits, when he 'merely asserts that a previous ruling which *precluded* a merits determination,'" such as "'a denial for . . . procedural default,'" was erroneous (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 n.4 (2005)).  Accordingly, the district court erred by declining to consider that argument under Rule 60(b).  Upon review, however, we decline to remand this case to the district court for reconsideration of this issue.  *See Gonzalez*, 545 U.S. at 536-37; *cf. Cosby v. S.C. Prob., Parole & Pardon Servs.*, 93 F.4th 707, 722 n.19 (4th Cir. 2024) ("[W]e may affirm on any basis apparent from the record.").

Widmyer may not appeal the portion district court's order denying his true Rule 60(b) claims for relief from the court's prior order denying relief on his § 2254 petition unless a circuit justice or judge issues a certificate of appealability.  28 U.S.C. § 2253(c)(1)(A).  A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right.  *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  We have independently reviewed the record and conclude that Widmyer has not made the requisite showing.  Accordingly, we deny a certificate of appealability and dismiss Widmyer's appeal of the district court's denial of his true Rule 60(b) challenges.

Additionally, consistent with *United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003), we construe Widmyer's notice of appeal and appellate brief as an application

3

to file a second or successive § 2254 petition.  Upon review, we conclude that Widmyer's

claims do not meet the relevant standard.  *See* 28 U.S.C. § 2244(b)(2).  We therefore deny

Widmyer authorization to file a successive § 2254 petition.  Finally, our review of the

record leads us to conclude that the district court did not reversibly err by denying

Widmyer's motions for appointment of counsel, and we affirm those orders.[2]

We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before this court and argument would not aid the

decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

---

[2] A certificate of appealability is not required to appeal the denial of a motion for appointment of counsel.  *See Harbison v. Bell*, 556 U.S. 180, 183 (2009).